UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY BRETON,<br>*Plaintiff*,<br><br>v.<br><br>EARL BRADLEY,<br>*Defendant.* | No. 3:24-cv-1768 (VAB) |

**INITIAL REVIEW ORDER**

Randy Breton ("Plaintiff") is a sentenced inmate[1] who is housed at Cheshire Correctional Institution ("Cheshire CI") in the custody of the Department of Correction ("DOC"). Compl. (ECF No. 1). He proceeds *pro se* in this action for damages under 42 U.S.C. § 1983 against Earl Bradley in his individual capacity.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available information on the DOC website under inmate search shows that Mr. Breton is a sentenced inmate. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=173296.

For the reasons that follow, the Complaint is **DISMISSED** without prejudice for failure to state any plausible claims under 42 U.S.C. § 1983.

Mr. Breton will have one opportunity to file an Amended Complaint by **January 31, 2025,** if he can, in good faith, state a plausible claim under 42 U.S.C. § 1983 against Bradley.

Mr. Breton is advised that any Amended Complaint will completely replace the prior complaint in the action, and that no portion of any prior Complaint shall be incorporated into his Amended Complaint by reference.

If Mr. Breton fails to file an Amended Complaint by **January 31, 2025**, the Court will dismiss this action with prejudice, and close this case.

# I.   FACTUAL BACKGROUND[2]

Mr. Breton alleges that Mr. Bradley is a confidential informant for DOC. Compl. at 5. He claims that Mr. Bradley is a DOC employee who was hired by the DOC Security Division or Operations to report about contraband or other wrongdoing. *Id.*

He claims that Mr. Bradley lied to other inmates in an attempt to cause Mr. Breton to be attacked by other inmates. *Id.* Specifically, he asserts that Mr. Bradley lied about Mr. Breton trying to sell his chicken to an inmate whom he knew owed money to Bradley. *Id.* at 6. He alleges that Mr. Bradley chose to slander him to other inmates knowing that he was putting Mr. Breton's safety at risk. *Id.*

When another inmate, whom Mr. Breton allegedly considered as a friend, allegedly became very upset with Mr. Breton due to Mr. Bradley's allegedly false communications about

---

[2] The Court does not include herein all of the allegations from the complaint but summarizes the facts to provide a context to this initial review. All factual allegations are drawn from the Complaint and considered to be true for purposes of this initial review.

Mr. Breton's wrongdoing, Mr. Bradley allegedly would not let Mr. Breton question his accusations. *Id.* As a result, Mr. Breton allegedly got upset and said he was going to segregation. *Id.*

Mr. Breton claims that Mr. Bradley has victimized him with his slander and false claims about elder abuse, causing him to lose friends and suffer mental anguish. *Id.*

## II.   DISCUSSION

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton,* 126 F.3d 400, 405 (2d Cir.1997) (citation omitted). In order to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020). Mr. Breton asserts that Defendant Bradley has violated his rights under the Fourteenth and Eighth Amendments by slandering him and subjecting him to a risk of other inmate attack.

The Court considers whether Mr. Breton has alleged any plausible claims under 42 U.S.C. § 1983.

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991). Thus, as a plaintiff claiming his constitutional rights have been violated, Mr. Breton must first establish that the challenged conduct constitutes state action. *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor.") (internal citation omitted). "To act under color of state law or authority for purposes of section 1983, the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)) (internal quotation marks omitted).

A private party's actions can be considered state action in three situations: (1) the private party acts using "the coercive power of the state or is controlled by the state" (the "compulsion test"); (2) the private party willfully participates in "joint activity with the state" or its "functions are entwined with state policies" (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the private party (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under each test is whether the private party's challenged actions are "fairly attributable" to the state. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "[A] State normally can be held responsible for a private decision ... when it has ... provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Mr. Breton claims that Mr. Bradley is an informant for DOC security and a DOC employee. Compl. at 5. The DOC website shows, however, that Mr. Bradley is another sentenced inmate housed at Cheshire C.I.[3] Even if, as alleged, Mr. Bradley was an informant, his provision of background information to a law enforcement officer is not alone sufficient to render the informant a joint participant in state action under Section 1983. *Ginsberg v. Healy Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999)("Healey's provision of background information to a police officer does not by itself make Healey a joint participant in state action under Section 1983.") (collecting cases); *see also Shapiro v. City of Glen Cove*, 236 F. App'x 645, 647 (2d Cir. 2007) (summary order) (noting no evidence supported claim that informant acted jointly with the municipal officials to deprive plaintiff of constitutional rights (citing *Ginsberg*, 189 F.3d at 271-72)); *see also Rogers v. City of New Rochelle*, No. 1:19-CV-0479 (CM), 2019 WL 5538031, at *2 (S.D.N.Y. Oct. 25, 2019) (collecting cases). Thus, Mr. Breton's conclusory assertion that Defendant Bradley acted as an informant for DOC Security is not sufficient to suggest that his alleged false communications to other inmates about Mr. Breton are "fairly attributable" to the state.

Accordingly, Mr. Breton has not stated a plausible claim under 42 U.S.C. § 1983, and his Complaint will be dismissed.

## ORDERS

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice for failure to state any plausible claims under 42 U.S.C. § 1983.

Mr. Breton will have one opportunity to file an Amended Complaint by **January 31, 2025,** if he can, in good faith, state a plausible claim under 42 U.S.C. § 1983 against Bradley.

---

[3] *See h*ttp://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=415266.

Mr. Breton is advised that any Amended Complaint will completely replace the prior complaint in the action, and that no portion of any prior Complaint shall be incorporated into his Amended Complaint by reference.

If Mr. Breton fails to file an Amended Complaint by **January 31, 2025**, the Court will dismiss this action with prejudice, and close this case.

**SO ORDERED** at New Haven, Connecticut, this 20th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE